IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          PLAINTIFF,

   V.            1:15cv1369
            (TJM/CFH)

$4,296.00 in U.S. Currency,

          DEFENDANT.

Thomas J. McAvoy
Senior United States Judge

## DECISION AND ORDER

Before the Court is Claimant Arnaldo Carbonell's ("Claimant") motion to dismiss, dkt. # 12, in this forfeiture matter. The government has responded and the Court has determined to decide the matter without oral argument

**I.   BACKGROUND**

The United States filed the instant complaint for forfeiture *in rem* on November 18, 2016. See Complaint ("Complt."), dkt. # 1. The Complaint alleges that the United States seized $4,296.00 in United States currency from Claimant Arnaldo Carbonell on July 16, 2015. Id. at ¶ 2. The currency is in the custody of the United States Marshals Service in the Northern District of New York. Id. at ¶ 3. As a basis for the forfeiture, the government cites 21 U.S.C. § 881(a)(6), which permits forfeiture of funds "traceable" to certain drug crimes. Id. at § 7. The currency in question, the United States alleges,

was "the proceeds of" the offenses of "(1) possession with the intent to distribute and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1); and (2) conspiracy to possess with the intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§ 841 and 846." Id. at § 8.

After being served with the Complaint, Carbonell filed a claim on December 28, 2016.  See dkt. # 8.  No other claims were filed, and on February 8, 2016 this Court issued an order barring all other claims to the funds involved.  See dkt. # 13.  The government then responded to Plaintiff's motion to dismiss.  See dkt. # 15.

## II.     ANALYSIS

Civil forfeiture actions like this one are governed by Supplemental Rules E and G of the Federal Rules of Civil Procedure.  Supplemental Rule E(2)(a) requires the government to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.  SUP. FED. R. CIV. P. E(2)(a).  Supplemental Rule G(2) requires that the Complaint in an *in rem* forfeiture action "(c) describe the property with reasonable particularity; (d) . . . state its location when any seizure occurred . . . ; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." SUP. FED. R. CIV. P. G(2)(c-f).  In such cases, the United States need not "allege in the complaint all of the facts and evidence at its disposal." United States v. $22,173.00 in United States Currency, 716 F.Supp.2d 245, 248 (S.D.N.Y. 2010).

The government need only "plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation" Id. "[P]roof at trial" is a separate issue. Id. Thus, a forfeiture action may not be dismissed on the theory that the evidence supporting the forfeiture was inadequate at the time the complaint was filed. Id.

Here, the government seeks forfeiture pursuant to 21 U.S.C. § 881(a)(6), which provides for forfeiture of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C. § 881(a)(6). Forfeiture pursuant to this statute "is a civil, remedial measure brought against the offending property rather than a criminal penalty against the person" accused of the drug crime. United States v. United States Currency in the Amount of $228,536.00, 895 F.2d 908, 916 (2d Cir. 1990). "In a civil forfeiture proceeding under 21 U.S.C. § 881(a)(6), the government has the burden of proving only that there is probable cause for belief that a substantial connection exists between the money to be forfeited and the exchange of a controlled substance." Id. As such, the government here must allege facts sufficient for a jury to find probable cause of a substantial connection between the money that is the subject of the action and the exchange of a controlled substance.

Claimant argues that the currency in question should be returned to him and the Complaint dismissed. He alleges that he has not been "arrested, indicted or convicted"

3

of the charges in question, and that the government has not demonstrated that the funds were derived from drug sales.  He contends that the money was the remaining balance from an income tax check.  The mere fact that Claimant chose to place his personal currency in a hiding place does not establish that the money was the proceeds of drug sales.

The Court will deny the Claimant's motion.  The question before the Court is whether the facts pled are sufficient to support probable cause that the funds in question were received in exchange for a controlled substance.  The focus here is the Complaint, not Claimant's assertion that government will not be able to prove the facts alleged.  The Complaint describes the course of an investigation which led to Claimant's arrest.  Complt. at ¶¶ 9-18.  Police eventually arrested Claimant after a traffic stop, where they also discovered heroin.  Id. at ¶ 19.  This arrest violated the terms of Claimant's federal probation, and law enforcement searched his home as a result.  Id. at ¶ 20.  A DEA agent discovered a handgun "from under the bricks of Carbonell's residence."  Id. at ¶ 20.  Agents also seized $4,296.00 in currency from a false wall inside that house.  Id. at ¶ 21.  Claimant's girlfriend, who was present at the time, said the money was not hers.  Id.  If a jury were to accept these alleged facts as true, that jury would have probable cause to find a substantial connection between the funds sees and the exchange of a controlled substance.

### III.  CONCLUSION

For the reasons stated above, the Court will deny the Claimant's motion to dismiss, dkt. # 12.

**IT IS SO ORDERED**

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

**Dated: April 13, 2016**